UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES S. DENNIS,** : | |
| Petitioner : | CIVIL ACTION NO. 3:16-1207 |
| v : | (JUDGE MANNION) |
| **Warden CRAIG A. LOWE, et al.,** : | |
| Respondents : | |

**MEMORANDUM**

Petitioner, Charles S. Dennis, a detainee of the United States Immigration and Customs Enforcement ("ICE") presently confined in the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He challenges his continued detention by ICE. (Doc. 1, petition). Preliminary review of the petition has been undertaken, see R. GOVERNING §2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. §2241 in the discretion of the court), and, for the reasons set forth below, the petition will be denied without prejudice.

**I. Background**

On March 29, 2006, Petitioner, a native and citizen of Liberia, entered the United States with a K-3 nonimmigrant visa at Dulles, Washington, D.C.

(Doc. 1). He was arrested and convicted of wire fraud and counterfeiting and was sentenced to a fifteen month term of incarceration. Id.

On October 28, 2015, the Immigration Judge ordered Petitioner removed from the United States. Id. Because Petitioner failed to file an appeal of the Immigration Judge's order, the order became final on November 28, 2015. Id.

On March 9, 2016, ICE reviewed Petitioner's custodial status and issued a decision to continue his detention, finding that:

> Records indicate you were taken into custody following your incarceration for Title 18 USC 371 and Title 18 USC 471. Further review of your arrest records show that you engaged in these offenses while you were on supervised release with the United States Probation Office. Therefore, it appears that you would not be amenable to an Order of Supervision from ICE-ERO. Efforts to obtain a travel document for your removal from the United States are continuing and it is expected that you will be removed from the U.S. in the foreseeable future.

(See Doc. 1 at 22, Decision to Continue Detention). ICE also informed Petitioner that if he had not been released or removed by April 12, 2016, jurisdiction of the custody decision in his case would be transferred to the Headquarters Post Order Review Unit (HQ POCRU). Id.

On June 3, 2016, the Office of Enforcement and Removal Operations (ERO) conducted a 180-day post order of removal custody review and

determined the following:

> This letter is to inform you that the U.S. Immigration and Customs Enforcement (ICE) has reviewed your custody status and determined that you will not be released from custody at this time. This decision was based on your file record and/or personal interview and consideration of any information you submitted to ICE reviewing officials.
>
> You are a native and citizen of the Republic of Liberia who last entered the United States on or about March 29, 2006 as a non immigrant. You have been convicted of the crimes of wire fraud and counterfeiting. On November 28, 2015, you were issued a Final Order of Removal by an Immigration Official. ICE is currently working with the Government of the Republic of Liberia to secure a travel document for your removal from the United States. A travel document from the Government of the Republic of Liberia is expected, therefore you are to remain in ICE custody at this time.
>
> This decision, however, does not preclude you from bringing forth evidence in the future to demonstrate a good reason why your removal is unlikely. You are advised that pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA) you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE efforts to remove you by taking whatever actions ICE requests to affect your removal.
>
> You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under [8 U.S.C. §1253(a)](#).

(Doc. [1](#) at 24, Decision to Continue Detention).

On June 20, 2016, Petitioner filed the instant petition for writ of habeas corpus, seeking an order of immediate release "since his six-month presumptively reasonable removal period has expired" and "Petitioner has provided evidence to support his claim that his removal to Liberia will not likely occur in the foreseeable future and that Liberia will not issue Petitioner travel documents any time soon." (Doc. 1, petition).

**II. Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has ninety (90) days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> > (i) The date the order of removal becomes administratively final.
> >
> > (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
> >
> > (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231. At the conclusion of the ninety-day period, the alien may be

held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & (6). In Zadvydas v. Davis, 533 U.S. 678, 689 (2001), the Supreme Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Id. at 699. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention."[1] Id. at 701.

Petitioner's order of removal became final on November 28, 2015, and the six-month presumptively reasonable period of post-removal-period

---

[1] Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. §241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. §241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Custody Management Unit for further custody review. 8 C.F.R. §241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. §241.13(d)(1). Petitioner's custody was reviewed by the Headquarters Custody Management Unit on March 23, 2015.

detention recently expired on or about May 25, 2016. However, the Zadvydas Court emphasized that "[t]his 6–month presumption [ ] does not mean that every alien not removed must be released after six months." Zadvydas, 533 U.S. at 701. Rather, the Supreme Court explained that, to state a claim for habeas relief under §2241, an alien must provide in the petition good reason to believe that his or her removal is not foreseeable. Id. If at the conclusion of the six-month period the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id., at 701. In the absence of factual allegations supporting the conclusion that removal is not reasonably foreseeable, ICE does not have to respond by showing that removal is reasonably foreseeable. Id.; see also Barenboy v. Attorney General of U.S., 160 F. App'x 258, 261 n. 2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted).

Petitioner argues that despite his full cooperation, ICE has not been

able to secure travel documents. (Doc. 1, at 4). Specifically, Petitioner states that "ICE's efforts to obtain travel document for Petitioner's removal from the United States have been ongoing and as of today, Petitioner's removal has not yet occurred; he remains in the custody of ICE, notwithstanding that it has been over seven months since the issuance of the final deportation order" and he believes that "either ICE has made no attempt to obtain the proper documents to execute the final order of deportation beyond the removal period under 8 U.S.C. §1231(a) or it is *not* expected that petitioner will be removed from the U.S. in the foreseeable future." (Id., emphasis in original).

Such conclusory statements are not evidence of a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Petitioner "has made no showing whatsoever that there is 'no significant likelihood of removal in the reasonably foreseeable future'." Encamacion–Mendez v. Attorney General of U.S., 176 F. App'x 251, 254 (3d Cir. 2006), and he has not otherwise shown that his detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3); see, e.g., Joseph v. United States, 127 F. App'x 79, 81 (3d Cir. 2005) (finding that "[u]nder Zadvydas, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has

failed to make that showing here."); Abdelrahman v. BICE's Interim Field Office Director, Civil No. 05-cv-1916, 2005 WL 3320841, at *2 (M.D. Pa. Dec. 7, 2005)(Muir, J.) (noting that "the fundamental basis of [the petitioner's] argument appear[ed] to be that his removal [was] unlikely simply because it [had] not occurred to this point."); Soberanes v. Comfort, 388 F.3d 1305 (10th Cir. 2004) (affirming dismissal of §2241 petition challenging detention pursuant to §1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) (concluding that "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"). Because, at this time, continued detention remains reasonable, it is constitutionally permissible. The petition is therefore subject to dismissal.

However, ICE is cautioned that, although the current record does not demonstrate that "there is no significant likelihood of removal in the reasonably foreseeable future," Zadvydas, 533 U.S. at 701, at some point in time, the inability of ICE to remove petitioner to Liberia may provide "good

reason" to believe the removal is unlikely to be carried out. "For detention to remain reasonable, as the period for confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id. The dismissal is therefore without prejudice to the filing of a new §2241 petition in the event that Petitioner can provide evidence of good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied without prejudice.  A separate Order will be issued.


                                          s/ *Malachy E. Mannion*
                                          **MALACHY E. MANNION**
                                          **United States District Judge**

**Dated:** July 11, 2016
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1207-01.wpd